# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARC FEINER, and<br>SABRETHA ERVIN-TURNER,<br><br>            Plaintiffs,<br><br>  v.<br><br>CITY OF NEW YORK, NEW YORK,<br><br>            Defendant. | Civil Action No. _____<br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

## INTRODUCTION

Plaintiffs, by and through their counsel, the law firms of Woodley & McGillivary LLP and Spivak Lipton LLP, for their complaint against the City of New York ("New York City"), state as follows:

## PARTIES

1. Representative plaintiffs Marc Feiner and Sabretha Ervin-Turner bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the defendant, City of New York, on behalf of themselves and all other current and former employees who are similarly situated because of defendant's unlawful deprivation of plaintiffs' rights to overtime compensation under the FLSA.

2. The representative plaintiffs identified in the caption above gave their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written

consents are appended to this Complaint as Exhibit 1. These written consent forms set forth each plaintiff's name and address.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

5. Plaintiffs are, and at all times material herein have been, employed by defendant in the positions of Job Opportunity Specialists ("JOS") or Associate Job Opportunity Specialists 1 ("AJOS 1"). Plaintiffs bring this action on behalf of themselves and all others similarly situated for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendant's willful and unlawful violations of federal law complained of herein.

6. Each of the plaintiffs in this action while employed by defendant has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

7. At all times material herein, each plaintiff has worked for the City of New York as a JOS or AJOS 1.

8. For example: at all times material herein, plaintiff Marc Feiner has worked in the position of JOS at the Dyckman Job Center, 5055 10th Ave., in Manhattan, NY; at all times material herein, plaintiff Sabretha Ervin-Turner has worked in the position of AJOS 1 at the Clinton Hill Job Center, 495 Clermont Ave., in Brooklyn, NY. These plaintiffs bring this

action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated JOS and AJOS 1s who work or have worked for defendant at all times material herein.

9. Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

### *JOS Plaintiffs*

10. Within the last three years and continuing to date, while working in the position of JOS on behalf of defendant, the job duties of plaintiffs and all others similarly situated include providing economic support and employment related services to persons in need, promoting individual and family self-sufficiency, as well as various other duties and activities related to serving the citizens of New York City. Plaintiffs working in the position of JOS accomplish these tasks by meeting with and interviewing clients, gathering information for benefits and social services applications, and processing and completing reports within computer systems managed by both the City and the state of New York, among other things.

11. While working as JOS, plaintiffs and all others similarly situated routinely work over 40 hours a week performing the job duties described in paragraph 10. JOS plaintiffs are scheduled to work 40 hours a week, Monday through Friday, as their regular schedule, with one hour each day automatically deducted for meal periods. In addition, two to three times a week they work pre-approved overtime hours in a regular basis of 1-2 hours or more on their scheduled work days.  Plaintiffs JOS occasionally work overtime shifts of between 4 and 8

hours on Saturdays in those same workweeks. Plaintiffs JOS also routinely perform work activities before the start of their scheduled shift and after the end of their scheduled shift without compensation.

12.     While working as JOS, the plaintiffs perform uncompensated work before the official start time of their shifts, including but not limited to the tasks enumerated in paragraph 10, preparing for their work day, reviewing files, preparing for interviews, checking e-mails, discussing cases with their supervisors, managers, and directors, and other work-related activities. However, the JOS are not compensated for this time. This time will appear on the CityTime payroll system as "uncompensated hours" or "noncompensable hours." Plaintiffs regularly perform this additional uncompensated work during weeks in which their paid work time, due to overtime, exceeds 40 hours in a workweek.

13.     Additionally, while working as JOS, the plaintiffs perform uncompensated work during their meal periods, including but not limited to the tasks enumerated in Paragraph 10, that is uncompensated because the City automatically deducts one hour of pay each day for a meal period regardless of whether a JOS performs work activities during that time. This work time is reflected on their work computers maintained by the City. This work is also observed by plaintiffs' supervisors, managers, and directors. Plaintiffs regularly perform this additional uncompensated work during weeks in which their paid time, due to overtime, exceeds 40 hours in a workweek.

14.     While working as JOS, the plaintiffs perform uncompensated work, including but not limited to the tasks enumerated in Paragraph 10, after the official end time of their shifts for which they are not compensated. This time is recorded on the CityTime payroll system as "uncompensated hours" or "noncompensable hours." Plaintiffs regularly perform this

4

additional uncompensated work during weeks in which their paid time, due to overtime, exceeds 40 hours in a workweek.

15.     For example, plaintiff Marc Feiner routinely worked over 40 hours in a workweek in his job as a JOS, performing the job duties described in paragraph 10. When plaintiff Feiner works over 40 hours in a workweek performing these job duties, defendant fails to properly compensate him for work performed before the official start time of his shift, after his shift or during his meal periods. For example, during the week of July 17-23, 2016, plaintiff Feiner worked at least 60 hours and 45 minutes but was not compensated for at least 1 hour and 15 minutes of this work time. For example, during the week of July 31-August 6, 2016, plaintiff Feiner worked at least 51 hours and 30 minutes but was not compensated for at least 3 hours and 30 minutes of this work time. In addition, Plaintiff Feiner also worked during his meal periods approximately 2-3 times per week during these weeks, and he was not compensated for this time.

16.     The defendant's time records track the time worked by plaintiff Feiner and all other similarly situated JOS, including the time for which defendant fails to pay them. The defendant's CityTime pay system reflects time spent working in the HRA office. With respect to meal periods, the computers on which they work will reflect some of their work time, as will their own testimony and testimony from their supervisors, managers, and directors who observe plaintiffs regularly working without compensation, which can be compared to the amounts of time for which they received payment under CityTime to reflect plaintiffs' damages.

17.     Similar to plaintiff Feiner, all other similarly situated JOS employed by defendant routinely work more than 40 hours in a workweek performing the job duties described in

paragraph 10 and are denied compensation during those workweeks for their work time before and after their scheduled shifts, and during their meal periods, in violation of the FLSA. The precise amount of uncompensated work time can also be identified through CityTime and through defendant's computers on which plaintiffs work.

### *AJOS 1 Plaintiffs*

18. Within the last three years and continuing to date, while working in the position of AJOS 1 on behalf of defendant, plaintiffs' job duties are to assist in the day-to-day work performed by JOS employees, to monitor and take action in cases to ensure that participants in certain City public assistance programs are actively engaged in seeking employment and satisfying their obligations, as well as various other duties and activities related to serving the citizens of New York. Plaintiffs working in the position of AJOS 1 accomplish these tasks by meeting with and interviewing clients, gathering information for benefits and social services applications, and processing and completing reports within computer systems managed by both the City and the state of New York, among other things.

19. While working as AJOS 1s, plaintiffs and all others similarly situated routinely work over 40 hours a week performing the job duties described in paragraph 18. AJOS plaintiffs are scheduled to work 40 hours a week, Monday through Friday, as their regular schedule, with one hour each day automatically deducted for meal periods. In addition, two to three times a week they work pre-approved overtime hours in a regular basis of 1-2 hours or more on their scheduled work days. Plaintiffs AJOS 1 occasionally work overtime shifts of between 4 and 8 hours on Saturdays in those same workweeks. Plaintiffs AJOS 1 also routinely perform work activities before the start of their scheduled shift and after the end of their scheduled shift without compensation.

20. While working as AJOS, the plaintiffs perform uncompensated work before the official start time of their shifts, including but not limited to the tasks enumerated in paragraph 18, preparing for their work day, reviewing files, preparing for interviews, checking e-mails, discussing cases with their supervisors and colleagues, and other work-related activities. However, the AJOS 1s are not compensated for this time. This time will appear on the CityTime payroll system as "uncompensated hours" or "noncompensable hours." Plaintiffs regularly perform this additional uncompensated work during weeks in which their paid time, due to overtime, exceeds 40 hours in a workweek.

21. While working as AJOS 1, the plaintiffs perform uncompensated work during their meal periods, including but not limited to the tasks enumerated in Paragraph 18, that is uncompensated because the City automatically deducts one hour of pay each day for a meal period regardless of whether an AJOS 1 performs work activities during that time. This work time is reflected on their work computers maintained by the City. This work is also observed by plaintiffs' supervisors, managers, and directors. Plaintiffs regularly perform this additional uncompensated work during weeks in which their paid time, due to overtime, exceeds 40 hours in a workweek.

22. While working as AJOS 1s, the plaintiffs perform uncompensated work, including but not limited to the tasks enumerated in Paragraph 18, after the official end time of their shifts for which they are not compensated. This time is recorded on the CityTime payroll system as "uncompensated hours" or "noncompensable hours." Plaintiffs regularly perform this additional uncompensated work during weeks in which their paid time, due to overtime, exceeds 40 hours in a workweek.

23. For example, plaintiff Sabretha Ervin-Turner routinely worked over 40 hours in a workweek in her job as an AJOS 1, performing the job duties described in paragraph 18. When plaintiff Ervin-Turner works over 40 hours in a workweek performing these job duties, defendant fails to properly compensate her for work performed before the official start time of her shift, after her shift or during her meal periods. For example, during the week of May 11-14, 2014, plaintiff Ervin-Turner worked at least 57 hours and 45 minutes, but was not compensated for at least 5 hours and 15 minutes of this work time. For example, during the week of April 20-26, 2014, plaintiff Ervin-Turner worked at least 61 hours, but was not compensated for at least 2 hours and 45 minutes of this work time. In addition, Plaintiff Ervin-Turner also worked during her meal periods approximately 2-3 times per week during these weeks, and she was not compensated for this work time.

24. The defendant's time records track the time worked by plaintiff Ervin-Turner and all other similarly situated AJOS 1s, including the time for which defendant fails to pay them. The defendant's CityTime pay system reflects time spent working in the HRA office. With respect to meal periods, the computers on which they work will reflect some of their work time, as will their own testimony and testimony from their supervisors, managers, and directors who observe plaintiffs regularly working without compensation, which can be compared to the amounts of time for which they received payment under CityTime to reflect plaintiffs' damages.

25. Similar to plaintiff Ervin-Turner, all other similarly situated AJOS 1s employed by defendant routinely work more than 40 hours in a workweek performing the job duties described in paragraph 18 and are denied compensation during those workweeks for their work time before and after their scheduled shifts, and during their meal periods, in violation of the

FLSA. The precise amount of uncompensated work time can also be identified through CityTime and through defendant's computers on which plaintiffs work.

### *The Rate at Which Overtime is Paid*

26.     When plaintiffs and all other similarly situated JOS and AJOS 1s work in the evenings beyond their regular shift times, they receive night shift differential pay of ten percent (10%) of their basic rate of pay. Plaintiffs also receive a meal allowance if they work at least 2 hours of continuous overtime. Plaintiffs are taxed on both of these payments as income. Defendant, through its payroll system, deducts taxes from these payments. However, in calculating cash overtime payments for plaintiffs in weeks in which JOS and AJOS 1 plaintiffs worked in excess of 40 hours and are given a differential payment, defendant fails to include night shift differential pay and the meal allowance in the regular rate of pay at which overtime is paid to the plaintiffs.

### *Payment of Compensatory Time at the Rate of One Hour for One Hour of Overtime Worked*

27.     In weeks in which plaintiffs work in excess of 40 hours and work what the defendant considers to be "approved overtime" that the defendant classifies to be "voluntary" are paid in compensatory time rather than cash. When the plaintiffs are paid in compensatory time rather than cash for overtime work in weeks in which they worked in excess of 40 hours, they are paid one hour of compensatory time for each hour of overtime that is worked, regardless of whether or not the overtime that has been worked is for work hours in excess of 40 hours a week.

### *Late Payment of Overtime Worked*

28.     When defendant does compensate plaintiffs for hours worked over 40 in a workweek and plaintiffs are paid for this overtime work in cash, defendant regularly delays the

9

payment of overtime beyond the next pay period for which the plaintiffs are paid for their regular work hours and in compensatory time for their overtime hours. For example, plaintiff Ervin-Turner worked overtime on April 1, 2014 and April 11, 2014, but was not compensated for this overtime work until October 10, 2014. The delay in payment is done either because the defendant's managerial staff has simply failed to transmit purportedly necessary information to payroll that defendant likes to have to pay overtime to plaintiffs, or because defendant simply does not want to incur the cost for budgetary reasons in that particular financial quarter (e.g., when employees' pay exceeds a predetermined cap), or for other reasons that are unrelated to defendant's ability to determine the amount of overtime compensation that is owed to the plaintiffs.

## COUNT I

### FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

29. Plaintiffs hereby incorporate by reference paragraphs 1 through 28 in their entirety and restate them herein.

30. At all times material herein, during those workweeks in which the JOS and AJOS 1 plaintiffs have worked hours in excess of 40 hours a week, they have performed work activities without compensation before the start of their shifts and after their shifts, including but not limited to the tasks enumerated in paragraphs 10 and 18, all of which is recorded on defendant's timekeeping system CityTime, and also during their meal periods, which is recorded on their assigned computers. Accordingly, as a result of these pay practices, defendant has failed to provide plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

31. Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of forty hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA in the manner outlined herein by failing to compensate plaintiffs for work that they have been suffered or permitted to work before the official start time of their shifts, during their uncompensated meal periods, and after the official end time of their shifts.

32. As a result of defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the plaintiffs from which the amount of defendant's liability can be ascertained.

33. Pursuant to 29 U.S.C. § 216(b), plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

34. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7 OF THE FLSA

35. Plaintiffs hereby incorporate by reference paragraphs 1 through 34 in their entirety and restate them herein.

36. Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. In weeks in which the plaintiffs and all others similarly situated work in excess of 40 hours performing the job duties described in paragraphs 10 and 18, defendant has failed to include certain premium payments such as night shift differential pay and meal allowance payments that are made in addition to employees' regular pay in the regular rates of pay at which overtime pay is calculated for the plaintiffs as required under the law.

37. Defendant's failure to include night shift differential pay, meal allowances, and other forms of additional compensation in plaintiffs' regular rates of pay violate section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).  The failure to include night shift differential pay and meal allowances in plaintiffs' regular rates means that when plaintiffs receive paid overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA.

38. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs and all others similarly situated an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendant is under a

duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

39. Pursuant to 29 U.S.C. § 216(b), plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

40. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III

### FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS OR EVEN MONTHS AFTER THE OVERTIME IS WORKED

41. Plaintiffs hereby incorporate by reference paragraphs 1 through 40 in their entirety and restate them herein.

42. The FLSA mandates that overtime compensation be paid on the regular pay day for the period in which such workweek ends. Overtime payments under the Act may not be delayed except as reasonably necessary to compute the amount owned and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106.  Defendant has violated these basic principles by delaying plaintiffs' overtime payments for working in excess of 40 hours a week by weeks and in some cases months, with such delay not being reasonably necessary to compute plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments or due to management withholding such payments until the next budgetary quarter.

43. Defendant's failure to pay plaintiffs and all others similarly situated FLSA overtime pay in a timely manner and its withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

44. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a). Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

45. Pursuant to 29 U.S.C. § 216(b), plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

46. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT IV

### FAILURE TO COMPLY WITH THE REQUIREMENT THAT FLSA OVERTIME BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES PLAINTIFFS' REGULAR RATES OF PAY AND INSTEAD COMPENSATING PLAINTIFFS WITH STRAIGHT TIME, HOUR FOR HOUR COMPENSATORY TIME

47. Plaintiffs hereby incorporate by reference paragraphs 1 through 46 in their entirety and restate them herein.

48.     During the weeks in which plaintiffs have worked in excess of 40 hours in a week performing the job duties described in paragraphs 10 and 18, all "voluntary overtime" recorded in CityTime is compensated in compensatory time by default. In weeks in which plaintiffs work in excess of 40 hours, defendant has provided compensatory time at the rate of one hour of compensatory time for each hour of "voluntary overtime" worked, and defendant has done so regardless of whether the overtime hours for which it was compensating the plaintiffs were for work in excess of 40 hours a week.

49.     Section 207(o) of the FLSA, 29 U.S.C. § 207(o), permits public agency employers such as defendant to provide compensatory time in lieu of cash overtime to their employees as payment for overtime hours worked, but only provided that certain conditions are met.  See 29 U.S.C. § 207(o); 29 C.F.R. §§ 553.20-28.  One of the basic requirements is that employees receive compensatory time at the rate of one and one-half hours of compensatory time for each hour of overtime worked.  29 U.S.C. § 207(o)(1).  Defendant has violated section 7(o) of the FLSA, 29 U.S.C. §§ 207(o) by failing and refusing to compensate plaintiffs and all others similarly situated for their overtime work at the rate of one and one-half hours of compensatory time for each overtime hour worked, and instead compensating them at the rate of one hour of compensatory time for each hour of overtime worked.

50.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs and all others similarly situated an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of

section 7(a) of the FLSA, 29 U.S.C. § 207(a).  Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

51. Pursuant to 29 U.S.C. § 216(b), plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

52. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated their statutory obligations, and deprived each of the plaintiffs and all others similarly situated of his and her rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs and all others similarly situated are entitled;

(c) Award plaintiffs and all others similarly situated monetary liquidated damages equal to their unpaid compensation;

(d) Award plaintiffs and all others similarly situated interest on their unpaid compensation;

(e) Award plaintiffs and all others similarly situated their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Gregory K. McGillivary*
Gregory K. McGillivary (SSN: 0280)
Diana J. Nobile
Sarah M. Block (SB 1460)
WOODLEY & McGILLIVARY, LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855


*/s/ Hope Pordy*
Hope Pordy (HP 6253)
SPIVAK LIPTON, LLP
1700 Broadway
Suite 2100
New York, NY 10019
Phone: (212) 765-2100